## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### CASE NO:

SAMANTHA RIZZOLO, on behalf of herself
and all others similarly situated,

      Plaintiff(s),

      v.

JOHNNY D'S BEACH BAR & GRILL, LLC, and
JOHN DAVIS, individually,

      Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiff, SAMANTHA RIZZOLO ("Plaintiff") on behalf of herself and others similarly situated, files this Collective Action Complaint and Demand for Jury Trial against Defendants, JOHNNY D'S BEACH BAR & GRILL, LLC ("Johnny D's") and JOHN DAVIS ("DAVIS") individually (Johnny D's and Davis collectively referred to hereinafter as "Defendants"), for failure to pay federal minimum and overtime wages for certain hours worked to all Restaurant Servers and Bartenders (hereinafter "the Collective" or "class members") as specified herein, pursuant to 29 U.S.C. § 216(b), as follows:

### INTRODUCTION

This is a Fair Labor Standards Act ("FLSA") collective action brought on behalf of Restaurant Servers and Bartenders who work or have worked at Johnny D's Beach Bar & Grill in Flagler Beach, Florida.  Defendants unlawfully deprived Plaintiff, and all others similarly situated, of applicable federal minimum wages during the course of their employment.  Defendants have violated the minimum wage requirements under federal law by failing to pay applicable federal

minimum wage to all Restaurant Servers and Bartenders for certain hours worked during a shift. As a result, Plaintiff, and similarly situated Restaurant Servers and Bartenders have been denied federally mandated minimum wages in one or more workweeks during their employment. Moreover, Defendants enforced a company-wide policy that required Restaurant Servers and Bartenders to use a portion of their tips and wages to pay for "walk-outs" and otherwise contribute payments for a kick-back benefit to the employer such that these wages and tips were not free-and-clear.  These company-wide kick-back policies became unlawful on March 23, 2018.  Plaintiff and similarly situated Restaurant Servers are therefore entitled to recover the tip credit taken by Defendants and any and all tips that were retained by Defendants during this time period.  During one or more workweeks within the relevant time period, Defendants also required Plaintiff and similarly situated Servers and Bartenders to clock-out while still performing a substantial amount of work off-the-clock.  This off-the-clock work pushed the total number of hours worked by Plaintiff and similarly situated individuals over forty (40) in one or more workweeks during the relevant time period.   This action has been filed to cure and correct certain minimum and overtime wage violations committed at Johnny D's, on behalf of all Restaurant Servers and Bartenders who worked for Defendant within the last three (3) years.

## **PARTIES**

1.      During all times material hereto, Plaintiff was a resident of Flagler County, Florida, over the age of 18 years, and otherwise *sui juris.*

2.      Plaintiff and the class members are/were Restaurant Bartenders and Servers who worked for Defendants within the last three (3) years in Flagler Beach, Florida.

3.      Plaintiff worked as a Bartender for Defendants from approximately 2016 until May 2020.

4.     The proposed class members worked for Defendants in a similar capacity as Plaintiff in that they were Restaurant Bartenders and/or Servers for Defendant during the relevant time period and shared the same duties and responsibilities and were subject to the same unlawful pay policies enforced by Defendants.

5.     Plaintiff and the proposed class members were subjected to similar violations of federal law.  Plaintiff seeks certification under 29 U.S.C. § 216(b) of three (3) classes of Restaurant Bartenders and Servers.  The first proposed class consists of the following Servers and Bartenders:

> **All Restaurant Servers and Bartenders who worked for Johnny D's Beach Bar & Grill in Flagler Beach, Florida, during the three (3) years preceding this lawsuit who were required to work off-the-clock and did not receive the full applicable minimum wage for this work.**

6.     Plaintiff also seeks certification under 29 U.S.C. § 216(b) of the following class of Servers and Bartenders:

> **All Restaurant Servers and Bartenders who worked for Johnny D's Beach Bar & Grill in Flagler Beach, Florida, during the three (3) years preceding this lawsuit who, after March 23, 2018, were required to use a portion of their wages and tips to pay for "walk-outs," breakages, or other cash register shortages.**

7.     Plaintiff further seeks certification under 29 U.S.C. § 216(b) of the following class of Servers and Bartenders:

> **All Restaurant Servers and Bartenders who worked for Johnny D's Beach Bar & Grill in Flagler Beach, Florida, during the three (3) years preceding this lawsuit who, worked in excess of forty (40) hours in one or more workweeks and were not compensated for these at the applicable overtime rates.**

8.     The precise size and identity of each class above should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however,

Plaintiff estimates that the total number of class members could exceed 40 Restaurant Servers and Bartenders.[1]

9.      During all times material hereto, Defendant, JOHNNY D's BEACH & BAR GRILL, LLC, was a Florida limited liability company operating and transacting business within Flagler County, Florida, within the jurisdiction of this Honorable Court.

10.     During all times material hereto, Defendant, DAVIS, was a resident of the Middle District of Florida, and owner/operator of Johnny D's.

11.     On information and belief, Defendants, DAVIS and JOHNNY D's BEACH & BAR GRILL, LLC, controls and directs the operations of Johnny D's located at 319 Moody Blvd. in Flagler Beach, Florida.

12.     According to its website, Johnny D's is open to the public seven (7) days a week from 11:00 a.m. until 2:00 a.m. each day.  *See* www.johnnydsbeachbar.com (last visited June 17, 2021).

13.     A true and accurate photo of the outside of Johnny D's is below:



---

[1] On information and belief, Defendant employs an average of roughly 20 Restaurant Servers and Bartenders at any given time for a total of approximately 40 Restaurant Servers over the past three years.  On information and belief, given the turnover rate of employees in the restaurant industry, it is entirely reasonable to infer that Defendant has employed at least 30-40 servers annually at the location in each of the past three (3) years prior to the filing of this lawsuit.

14.     Defendant were Plaintiff's employer during all times pertinent to the allegations herein.

15.     During all times material hereto, Defendant, DAVIS, was vested with the ultimate control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the restaurant during the relevant time period.

## JURISDICTION AND VENUE

16.      This action is brought under 29 U.S.C. § 216(b) to recover damages from Defendant, injunctive relief, and reasonable attorney's fees and costs.

17.     A substantial amount of the acts and omissions giving rise to this dispute took place within Flagler County, Florida, which falls within the jurisdiction of this Honorable Court.

18.     Defendants regularly transact business in Flagler County, Florida, and jurisdiction is therefore proper.

19.     Venue is also proper within Flagler County, Florida.

## FLSA COVERAGE

20.     Defendant, JOHNNY D'S, is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

21.     Defendant's employees handled goods such as napkins, pickles, pretzels, stromboli, blue cheese crumbles, sauerkraut, beer bottles, liquor bottles, ground beef, appliances, fish, lemons, limes, cherries, onion rings, baked potatoes, salad, glassware, flatware, food items,

restaurant equipment, chairs, tables, vacuum cleaners, and other materials that had previously travelled through commerce.

22.     At all material times (during the last three years), Defendant had an annual gross revenue in excess of $500,000.00 in 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

## GENERAL ALLEGATIONS

23.     Johnny D's offers beach front dining and drinking experiences to patrons in Flagler Beach, Florida.

24.     Johnny D's employs Restaurant Servers and Bartenders who provide quality customer service to dining and drinking patrons in the bar and restaurant.

25.     Defendants hired Plaintiff to work as a Bartender in approximately 2016.

26.     Plaintiff and other Restaurant Servers and Bartenders employed at Johnny D's are non-exempt hourly employees under the Fair Labor Standards Act ("FLSA").

27.     During the relevant time period, Defendants paid Plaintiff and the Restaurant Servers and Bartenders less than the full applicable federal minimum wage for each hour worked at Johnny D's.  In doing so, the Defendants attempted to take the tip credits that are provided under the FLSA.

28.     After successfully completing the training period, Plaintiff and all other similarly situated individuals at Johnny D's would typically be scheduled to work shifts that start at 10:30 a.m. and lasted on average until 4:30 a.m. in the evening.  However, depending on the day, on multiple occasions, Plaintiff and other Restaurant Servers and Bartenders were required to stay and work much later until 5:00 a.m.

29.     Throughout Plaintiff's employment, Defendant would instruct Plaintiff and all other similarly situated Servers and Bartenders at Johnny D's to spend approximately one (1) hour preparing their seating sections and/or bars which included setting up silverware, setting up and polishing glassware, setting tables with, and attending to other duties and responsibilities to ensure a quality dining experience for customers.

30.     Plaintiff and similarly situated individuals were instructed to clock-in to receive the "tipped wage" during this time.

31.     At the conclusion of a shift, Plaintiff and similarly situated individuals were instructed to clock-out by no later than 3:00 a.m.  Plaintiff and similarly situated individuals then spent a minimum of another hour to hour-and-a-half cleaning up their assigned sections.

32.     After successfully completing her training period, in 2016 Plaintiff was paid $5.03 for certain hours she worked during her Bartender shifts.

33.     As a result, Plaintiff and the class members are entitled to receive the full federal minimum wage for the time spent each shift performing "off-the-clock" work.

34.     Plaintiff and the class members worked without being paid the full minimum wage for hours worked.

35.     The work performed by Plaintiff and the class members was an integral part of the business for Defendants.

36.     Defendants violated the Fair Labor Standards Act ("FLSA") by not paying Plaintiff and the putative class members, at least federal minimum wage for all hours worked.

37.     The additional persons who may become Plaintiffs in this action are Restaurant Servers and Bartenders similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least federal minimum wage for each hour worked.

38.     Upon information and belief, the records, to the extent any exist, concerning the number of hours and amounts paid to Plaintiff and class members are in the possession and custody of Defendants.

39.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

## CLASS ALLEGATIONS

40.     Class members are treated equally and similarly by Defendants, in that they were denied full and proper federal minimum wages for work they performed.

41.     Defendants employed dozens of Restaurant Servers and Bartenders who were not paid federal minimum wage for the work performed in one or more workweeks within the past three (3) years.

42.     Class members are also treated equally and similarly by Defendants, in that after March 23, 2018, they were required to use a portion of their tips and wages earned on their shift to cover cash register shortages and walk-outs.

43.     As a result, class members were required to use the wages they earned to pay for these costs which conferred a benefit to their employer.

44.     Plaintiff and the class members were subject to the same policies.

45.     Plaintiff and the class members at Johnny D's performed the same job duties, as Restaurant Servers and Bartenders, and were paid in an identical manner by Defendants.

46.     Plaintiff and the class members were not paid proper federal minimum wage for all of the hours worked in one or more workweeks.

47.     Defendant failed to keep accurate time and pay records for Plaintiff and all class members to designate how hours were worked each workweek.

48.      Defendants were aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

49.      As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

### COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – 29 U.S.C. § 206
### Arising from Off-the-Clock Work

50.      Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 48 as though set forth fully herein.

51.      Plaintiff and all others similarly situated are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendants.

52.      Throughout Plaintiff's employment, Defendants required Plaintiff and all others similarly situated to work off-the-clock at the end of their shift.

53.      Defendants failed to compensate Plaintiff and members of the putative class for this work and therefore is not entitled to take the tip credit.

54.      As a result, Plaintiff and the class members are entitled to receive the full federal minimum wage for each hour worked.

55.      Defendants willfully failed to pay Plaintiff and the class members the full minimum wage for one or more weeks of work contrary to the FLSA.

56.      As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the class members have been damaged in the loss of minimum wages for one or more weeks of work during the employment with Defendants.

57.     Defendants' willful and/or intentional violations of entitle Plaintiff and the class members to an additional amount of liquidated, or double, damages.

58.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, SAMANTHA RIZZOLO, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, JOHNNY D's BEACH BAR & GRILL, LLC, and JOHN DAVIS, and award Plaintiff: (a) unliquidated minimum wages to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## COUNT II – UNLAWFUL TAKING OF TIPS – 29 U.S.C. § 203
**Illegal Kickbacks Related to the Walk-Out Policy, Breakage Policy, and Register Shortages**

59.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 48 as though set forth fully herein.

60.     Plaintiff and all other similarly situated individuals customarily received tips as part of their compensation during their employment with Defendants.

61.     Pursuant to 29 U.S.C. § 203(m)(2)(B), "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."[2]

---

[2] On March 23, 2018, Congress passed the Consolidated Appropriations Act of 2018 (CAA), which amended Section 203(m) to add the following language: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."  The CAA also amended another FLSA provision – Section 216(b) – to state that "[a]ny employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the

62.     During the relevant time period, Defendants enforced a restaurant-wide policy that required Plaintiff and similarly situated Restaurant Servers and Bartenders to use the wages and tips they received to provide unlawful kickbacks by covering costs associated with walk-outs, breakage, and/or cash register shortages.  The requirement for Plaintiff to cover these expenses was for the employer's benefit.

63.     These policies that were enforced by Defendants are unlawful, but Defendants nevertheless continued to enforce this policy, and on information and belief, still enforce this unlawful policy to this day.

64.     Accordingly, the wages received by Plaintiff and similarly situated individuals were not finally and unconditionally "free and clear."

65.     Plaintiff and similarly situated Restaurant Servers and Bartenders are entitled to recover the tip credit **and** tips that they were required to use for the employer's benefit from March 23, 2018, through the present.

WHEREFORE, Plaintiff, SAMANTHA RIZZOLO, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, JOHNNY D's BEACH BAR & GRILL, LLC, and JOHN DAVIS, award Plaintiff: (a) recovery of tips to be paid by the Defendants jointly and severally; (b) recovery of the tip credit taken by Defendants for hours worked by Plaintiff to be paid by Defendants jointly and severally; (c) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

---

amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

## COUNT III – FEDERAL OVERTIME VIOLATIONS – 29 U.S.C. § 207

66.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 48 as though set forth fully herein.

67.     Plaintiff and all other similarly situated individuals worked in excess of forty (40) hours in one or more workweeks during their employment with Defendants.

68.     Defendants violated the FLSA by failing to compensate Plaintiff and similarly situated employees 1.5 times their regular hourly rate when they worked in excess of forty (40) hours in a workweek.

69.     Defendants' violation of the FLSA is willful and/or intentional as it knew (or should have known) of the requirements of the FLSA and failed to comply with same.  Accordingly, the applicable statute of limitations is 3 years as opposed to 2 years.

70.     Defendants cannot demonstrate that its violations were committed in good faith and Plaintiffs are therefore entitled to recover liquidated (double) damages.

71.     Plaintiff was required to retain the undersigned counsel in order to prosecute these claims and is entitled to recover reasonable attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiff, SAMANTHA RIZZOLO, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, JOHNNY D's BEACH BAR & GRILL, LLC, and award Plaintiff: (a) unpaid overtime wages to be paid by Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendants jointly severally; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, SAMANTHA RIZZOLO, requests and demands a trial by jury on all appropriate claims.

**Dated this 23rd day of June 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on June 23, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: